Thomas Mastromatto, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 5, 1979, before Judges Rogers, DiSalle and MacPhail, sitting as a panel of three.

*Angus Love,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, April 9, 1979:

This is an appeal by Thomas Mastromatto from the order of the Department of Public Welfare (Department) Hearing and Appeals Unit (Appeals Unit) affirming the Montgomery County Board of Assistance's (Board) discontinuance of general assistance to him by reason of a determination that he failed to meet the eligibility requirements of Section 432.3 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.3.[1] Specifically, the Board found that Mastromatto willfully terminated, without good cause, employment to which he had been referred pursuant to a Department regulation spelling out the requirements of Section 432.3 of the Code. *See* 55 Pa. Code §165.23(e)(3).[2]

Mastromatto generally contends that he did not retain that employment because he was not "qualified"

---

[1] Section 432.3 provides in pertinent part as follows:

A person . . . who without good cause: . . . (ii) . . . refuses to accept referral to and work in employment in which he is able to engage, . . . shall be disqualified from receiving assistance for thirty days thereafter and until such time as he is willing to comply with the requirements of section 405.1.

[2] This regulation provides in pertinent part as follows:

*Failure to retain* bona fide *employment or training.* Any . . . person who willfully and without good cause . . . voluntarily terminates or reduces earning capacity for the purpose of qualifying for assistance or for a larger amount of assistance . . . will be ineligible for assistance for at least 30 days and will remain ineligible thereafter until such time as the person is willing to comply with the employment requirements. . . . (Emphasis in original.)

therefor. *See* 55 Pa. Code §165.23(f)(2)(i). Citing our well-known scope of review, he argues that the Appeals Unit's relevant findings of fact are not supported by substantial evidence. We disagree.

A review of the record indicates that Mastromatto was referred to a company engaged in production assembly. After completing one-half day's work, during which time he operated two machines, Mastromatto was given notice that he was discharged since he was not "qualified" to do the work assigned him. Some difference of opinion exists as to why he was not qualified for the work. He contends that he lacked the skill and manual dexterity to perform the tasks. The employer contends that Mastromatto actively sought to discourage the employer from hiring him and showed no interest in performing the "simple" tasks which he was assigned—tasks which "any child" could do.

In resolving this conflict of testimony—a function clearly within the discretion of the fact finder—the Appeals Unit hearing examiner found Mastromatto's explanation unconvincing, noting that he (the hearing examiner) was "hard pressed to understand how one in [Mastromatto's] physical condition would be unable to place a piece of metal in position on a machine, and press a lever for the object to be machined, a process requiring approximately two (2) seconds per piece." The hearing examiner, therefore, concurred in the Board's determination that Mastromatto willfully terminated employment without good cause.

Mastromatto would have this Court supplant the hearing examiner's resolution of the conflicts in testimony with its own. This we cannot do. The hearing examiner believed that a man of Mastromatto's physical condition could perform simple mechanical functions. Clearly, substantial evidence supports this

determination.[3] Therefore, we must affirm the Appeal Unit's order.

### ORDER

AND Now, this 9th day of April, 1979, the order of the Department of Public Welfare Hearing and Appeals Unit dated September 30, 1977, affirming the discontinuance of general assistance to Thomas Mastromatto, is hereby affirmed.

---

[3] While the hearing examiner did not mention any other specific factors supporting his determination, we do note that Mastromatto is a twenty-three year old high school graduate with no physical disabilities. He has had previous work experience including, but not limited to, assembly line work.